JASON M. HEATH, State Bar No. 180501
County Counsel
NEGINE MANSOUR SEWITSKY. State Bar No. 311905
Assistant County Counsel
Office of the Santa Cruz County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2040
Fax: (831) 454-2115
Email: negine.mansoursewitsky@santacruzcountyca.gov

Attorneys for Defendants
County of Santa Cruz, Santa Cruz Sheriff's Deputies
Jeffrey Tyler Eisner, Scott Rottman, Jessica Ross,
Trevor Block, Sabrina Organista, and Sergeant
Peter Hansen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLENE DEBERT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, a municipal corporation; SANTA CRUZ SHERIFF'S DEPUTIES JEFFREY TYLER EISNER, SCOTT ROTTMAN, JESSICA ROSS, TREVOR BLOCK, SABRINA ORGANISTA, SERGEANT PETER HANSEN, and DOES 3-25, Jointly and Severally,<br><br>Defendants. | Case No. 3:22-cv-09011-JD<br><br>**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** |

        Defendants COUNTY OF SANTA CRUZ, SANTA CRUZ SHERIFF'S DEPUTIES

JEFFREY TYLER EISNER, SCOTT ROTTMAN, JESSICA ROSS, TREVOR BLOCK,

SABRINA ORGANISTA, and SERGEANT PETER HANSEN (collectively referred to herein as

"County Defendants") hereby submit their answer to Plaintiff CHARLENE DEBERT's

("Plaintiff") Second Amended Complaint for Violation of Civil Rights as follows:

1

## ANSWER TO COMPLAINT

2      1.      Answering the allegations in paragraph 1, the County Defendants state that the

3 allegations contain conclusions of law and not averments of fact to which an answer is required.

4 However, insofar as a response is required, these County Defendants admit that Plaintiff filed a

5 complaint for monetary relief against several defendants.  These County Defendants further admit

6 that Jurisdiction is proper pursuant to 28 U.S.C. section 1331 as it pertains to the federal claims for

7 relief. Unless expressly admitted, these County Defendants deny all allegations.

8      2.      Answering the allegations in paragraph 2, the County Defendants state that the

9 allegations contain conclusions of law and not averments of fact to which an answer is required.

10 However, insofar as a response is required, these County Defendants admit that Plaintiff filed a

11 complaint for monetary relief against several defendants.  These County Defendants further admit

12 that Jurisdiction is proper pursuant to 28 U.S.C. section 1331 as it pertains to the federal claims for

13 relief. Unless expressly admitted, these County Defendants deny all allegations.

14

## PARTIES

15      3.      Answering the allegations in paragraph 3, the County Defendants lack sufficient

16 information or knowledge to form a belief to enable them to answer said paragraph, and on that

17 ground, denies each allegation contained therein.

18      4.      Answering the allegations in paragraph 4, the County Defendants deny that the

19 Santa Cruz County Sheriff's Department is a separate governmental agency within the County of

20 Santa Cruz, California.

21      5.      Answering the allegations in paragraph 5, the County Defendants state that the

22 allegations contain conclusions of law and not averments of fact to which an answer is required.

23      6.      Answering the allegations in paragraph 6, the County Defendants admit that Jeffrey

24 Tyler Eisner, at all relevant times, was employed by the County of Santa Cruz as a sheriff's

25 deputy.

26      7.      Answering the allegations in paragraph 7, the County Defendants admit that Scott

27 Rottman, at all relevant times, was employed by the County of Santa Cruz as a sheriff's deputy.

28      8.      Answering the allegations in paragraph 8, the County Defendants admit that Jessica

1  Ross (erroneously sued herein as "Jane Ross"), at all relevant times, was employed by the County

2  of Santa Cruz as a sheriff's deputy.

3        9.    Answering the allegations in paragraph 9, the County Defendants admit that Peter

4  Hansen, at all relevant times, was employed by the County of Santa Cruz as a sheriff's sergeant.

5        10.   Answering the allegations in paragraph 10, the County Defendants admit that

6  Trevor Block, at all relevant times, was employed by the County of Santa Cruz as a sheriff's

7  deputy. Except as otherwise explicitly stated herein, the County Defendants deny the allegations.

8        11.   Answering the allegations in paragraph 11, the County Defendants admit that

9  Sabrina Organista, at all relevant times, was employed by the County of Santa Cruz as a sheriff's

10  corrections officer. Except as otherwise explicitly stated herein, the County Defendants deny the

11  allegations.

12        12.   Answering the allegations in paragraph 12, the County Defendants state that the

13  allegations contain conclusions of law and not averments of fact to which an answer is required.

14        13.   Answering the allegations in paragraph 13, the County Defendants state that the

15  allegations contain conclusions of law and not averments of fact to which an answer is required.

16        14.   Answering the allegations in paragraph 14, the County Defendants deny the

17  allegations.

18        15.   Answering the allegations in paragraph 15, the County Defendants deny the

19  allegations.

20        16.   Answering the allegations in paragraph 16, the County Defendants deny the

21  allegations.

22        17.   Answering the allegations in paragraph 17, the County Defendants state that the

23  allegations contain conclusions of law and not averments of fact to which an answer is required.

24        18.   Answering the allegations in paragraph 18, the County Defendants state that the

25  allegations contain conclusions of law and not averments of fact to which an answer is required.

26        19.   Answering the allegations in paragraph 19, the County Defendants admit the

27  allegations.

28  / / /

1

## GENERAL ALLEGATIONS

2   20. Answering the allegations in paragraph 20, the County Defendants lack sufficient

3 information or knowledge to form a belief to enable them to answer the allegations, and on that

4 ground deny the allegations contained therein.

5   21. Answering the allegations in paragraph 21, the County Defendants lack sufficient

6 information or knowledge to form a belief to enable them to answer the allegations, and on that

7 ground deny the allegations contained therein.

8 ## DEFENDANTS' [ALLEGED] FIRST UNCONSTITUIONAL ARREST OF Ms. DEBERT

9   22. Answering the allegations in paragraph 22, the County Defendants deny the

10 allegations.

11   23. Answering the allegations in paragraph 23, the County Defendants deny the

12 allegations.

13   24. Answering the allegations in paragraph 24, the County Defendants deny the

14 allegations.

15   25. Answering the allegations in paragraph 25, the County Defendants deny the

16 allegations.

17   26. Answering the allegations in paragraph 26, the County Defendants deny the

18 allegations.

19   27. Answering the allegations in paragraph 27, the County Defendants deny the

20 allegations.

21   28. Answering the allegations in paragraph 28, the County Defendants deny the

22 allegations.

23   29. Answering the allegations in paragraph 29, the County Defendants deny the

24 allegations.

25   30. Answering the allegations in paragraph 30, the County Defendants deny the

26 allegations.

27   31. Answering the allegations in paragraph 31, the County Defendants deny the

28 allegations.

32.     Answering the allegations in paragraph 32, the County Defendants deny the allegations.

33.     Answering the allegations in paragraph 33, the County Defendants admit the allegations.

34.     Answering the allegations in paragraph 34, the County Defendants deny the allegations.

35.     Answering the allegations in paragraph 35, the County Defendants deny the allegations.

36.     Answering the allegations in paragraph 36, the County Defendants deny the allegations.

37.     Answering the allegations in paragraph 37, the County Defendants admit the allegations.

38.     Answering the allegations in paragraph 38, the County Defendants admit the allegations.

39.     Answering the allegations in paragraph 39, the County Defendants admit the allegations.

**DEFENDANTS' [ALLEGED] SECOND UNCONSTITUIONAL ARREST OF Ms. DEBERT**

40.     Answering the allegations in paragraph 40, the County Defendants deny the allegations.

41.     Answering the allegations in paragraph 41, the County Defendants deny the allegations.

42.     Answering the allegations in paragraph 42, the County Defendants deny the allegations.

43.     Answering the allegations in paragraph 43, the County Defendants deny the allegations.

44.     Answering the allegations in paragraph 44, the County Defendants admit that Santa Cruz County Sheriff's Office Correction Policy Manual, Policy 512.1.1 defines the term "Strip Search." Except as otherwise explicitly stated herein, the County Defendants deny the allegations.

*Debert, Charlene v. County of Santa Cruz, et al.*
Case No. 3:22-cv-09011-JD
-5-
County Defendants' Answer to Ptf's TAC

1    45.     Answering the allegations in paragraph 45, the County Defendants deny the

2    allegations.

3    46.     Answering the allegations in paragraph 46, the County Defendants admit that Santa

4    Cruz County Sheriff's Office Correction Policy Manual, Policy 512.1.1 defines the term "Physical

5    Body Cavity Search." Except as otherwise explicitly stated herein, the County Defendants deny the

6    allegations.

7    47.     Answering the allegations in paragraph 47, the County Defendants admit that Santa

8    Cruz County Sheriff's Office Correction Policy Manual, Policy 512.4.5(a) and (b) provide the

9    quoted material in lines 18-25. Except as otherwise explicitly stated herein, the County Defendants

10   deny the allegations.

11   48.     Answering the allegations in paragraph 48, the County Defendants admit that Santa

12   Cruz County Sheriff's Office Correction Policy Manual, Policy 512.4.6 discusses the body scanner

13   search. Except as otherwise explicitly stated herein, the County Defendants deny the allegations.

14   49.     Answering the allegations in paragraph 49, the County Defendants deny the

15   allegations.

16   50.     Answering the allegations in paragraph 50, the County Defendants deny the

17   allegations.

18   51.     Answering the allegations in paragraph 51, the County Defendants deny the

19   allegations.

20   52.     Answering the allegations in paragraph 52, the County Defendants neither admit

21   nor deny the allegations in that it includes contentions and legal matters not proper for admission

22   or denial.

23                           **FIRST CAUSE OF ACTION**

24            **(42 U.S.C. § 1983 – 4th Amendment – Unlawful Arrest)**

25            **Against All Defendants Except Defendant Organista**

26   53.     Answering the allegations in paragraph 53, the County Defendants neither admit

27   nor deny the allegations in that it includes contentions and legal matters not proper for admission

28   or denial.

1        54.      Answering the allegations in paragraph 54, the County Defendants neither admit

2 nor deny the allegations in that it includes contentions and legal matters not proper for admission

3 or denial.

4        55.      Answering the allegations in paragraph 55, the County Defendants deny the

5 allegations.

6        56.      Answering the allegations in paragraph 56, the County Defendants deny the

7 allegations.

8        57.      Answering the allegations in paragraph 57, the County Defendants deny the

9 allegations.

10       58.      Answering the allegations in paragraph 58, the County Defendants deny the

11 allegations.

12       59.      Answering the allegations in paragraph 59, the County Defendants neither admit

13 nor deny the allegations in that it includes contentions and legal matters not proper for admission

14 or denial.

15       60.      Answering the allegations in paragraph 60, the County Defendants neither admit

16 nor deny the allegations in that it includes contentions and legal matters not proper for admission

17 or denial.

18       61.      Answering the allegations in paragraph 61, the County Defendants neither admit

19 nor deny the allegations in that it includes contentions and legal matters not proper for admission

20 or denial.

21       62.      Answering the allegations in paragraph 62, the County Defendants neither admit

22 nor deny the allegations in that it includes contentions and legal matters not proper for admission

23 or denial.

24       63.      Answering the allegations in paragraph 63, the County Defendants neither admit

25 nor deny the allegations in that it includes contentions and legal matters not proper for admission

26 or denial.

27 / / /

28 / / /

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 1983 – 4th Amendment – Excessive Force)**

**Against All Defendants**

64.     Answering the allegations in paragraph 64, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

65.     Answering the allegations in paragraph 65, the County Defendants deny the allegations.

66.     Answering the allegations in paragraph 66, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

67.     Answering the allegations in paragraph 67, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

68.     Answering the allegations in paragraph 68, the County Defendants deny the allegations.

69.     Answering the allegations in paragraph 69, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

70.     Answering the allegations in paragraph 70, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

71.     Answering the allegations in paragraph 71, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

/ / /

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**(42 U.S.C. § 1983 – 4th and 14th Amendments – Unlawful Strip/Body Cavity Search; CA Penal Code § 4030)**

**Against All Defendants**

72.   Answering the allegations in paragraph 72, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

73.   Answering the allegations in paragraph 73, the County Defendants deny the allegations.

74.   Answering the allegations in paragraph 74, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

75.   Answering the allegations in paragraph 75, the County Defendants deny the allegations.

76.   Answering the allegations in paragraph 76, the County Defendants deny the allegations.

77.   Answering the allegations in paragraph 77, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

78.   Answering the allegations in paragraph 78, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

79.   Answering the allegations in paragraph 79, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

80.   Answering the allegations in paragraph 80, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

*Debert, Charlene v. County of Santa Cruz, et al.*
Case No. 3:22-cv-09011-JD
-9-
County Defendants' Answer to Ptf's TAC

**FOURTH CAUSE OF ACTION**

**(42 U.S.C. § 1983 – 4ᵗʰ and 14ᵗʰ Amendments – Unlawful Buccal Swab)**

**Against All Defendants**

81.     Answering the allegations in paragraph 81, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

82.     Answering the allegations in paragraph 82, the County Defendants deny the allegations.

83.     Answering the allegations in paragraph 83, the County Defendants deny the allegations.

84.     Answering the allegations in paragraph 84, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

85.     Answering the allegations in paragraph 85, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

86.     Answering the allegations in paragraph 86, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

87.     Answering the allegations in paragraph 87, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

**FIFTH CAUSE OF ACTION**

**(42 U.S.C. § 1983 – *Monell* and Supervisory Liability)**

**Against Defendant County of Santa Cruz**

88.     Answering the allegations in paragraph 88, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

*Debert, Charlene v. County of Santa Cruz, et al.*
Case No. 3:22-cv-09011-JD
-10-
County Defendants' Answer to Ptf's TAC

89.     Answering the allegations in paragraph 89, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

90.     Answering the allegations in paragraph 90, the County Defendants deny the allegations.

91.     Answering the allegations in paragraph 91, the County Defendants admit that Santa Cruz County SO Policy Manual, Policy 100.2.3, states, in part, that "the arrest authority within the jurisdiction of the Santa Cruz County Sheriff's Office includes (Penal Code § 830.1; Penal Code § 836) (a) when the deputy has probable cause to believe the person has committed a felony whether or not committed in the presence of the deputy."  Except as otherwise explicitly stated herein, the County Defendants deny the allegations.

92.     Answering the allegations in paragraph 92, the County Defendants deny the allegations.

93.     Answering the allegations in paragraph 93, the County Defendants deny the allegations.

94.     Answering the allegations in paragraph 94, the County Defendants deny the allegations.

95.     Answering the allegations in paragraph 95, the County Defendants deny the allegations.

96.     Answering the allegations in paragraph 96, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

97.     Answering the allegations in paragraph 97, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

98.     Answering the allegations in paragraph 98, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

99.   Answering the allegations in paragraph 99, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

100.   Answering the allegations in paragraph 100, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

101.   Answering the allegations in paragraph 101, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

**SIXTH CAUSE OF ACTION**

**(42 U.S.C. § 1983 – 4th and 14th Amendments – Malicious Prosecution)**

**Against All Defendants**

102.   Answering the allegations in paragraph 102, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

103.   Answering the allegations in paragraph 103, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

104.   Answering the allegations in paragraph 104, the County Defendants deny the allegations.

105.   Answering the allegations in paragraph 105, the County Defendants admit the allegations.

106.   Answering the allegations in paragraph 106, the County Defendants deny the allegations.

107.   Answering the allegations in paragraph 107, the County Defendants deny the allegations.

108.   Answering the allegations in paragraph 108, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission

or denial.

109.    Answering the allegations in paragraph 109, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

110.    Answering the allegations in paragraph 110, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

**SEVENTH CAUSE OF ACTION**

**(Violation of Civil Rights Code § 52.1(b) Bane Act)**

**Against All Defendants**

111.    Answering the allegations in paragraph 111, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

112.    Answering the allegations in paragraph 112, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

113.    Answering the allegations in paragraph 113, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

114.    Answering the allegations in paragraph 114, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

115.    Answering the allegations in paragraph 115, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

116.    Answering the allegations in paragraph 116, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

117.     Answering the allegations in paragraph 117, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

118.     Answering the allegations in paragraph 118, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

**EIGHTH CAUSE OF ACTION**

**(False Arrest and False Imprisonment)**

**Against All Defendants**

119.     Answering the allegations in paragraph 119, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

120.     Answering the allegations in paragraph 120, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

121.     Answering the allegations in paragraph 121, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

122.     Answering the allegations in paragraph 122, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

123.     Answering the allegations in paragraph 123, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

124.     Answering the allegations in paragraph 124, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

125.     Answering the allegations in paragraph 125, the County Defendants neither admit

1    nor deny the allegations in that it includes contentions and legal matters not proper for admission
2    or denial.

3                                **NINTH CAUSE OF ACTION**

4                                        **(Battery)**

5                                **Against All Defendants**

6           126.    Answering the allegations in paragraph 126, the County Defendants neither admit
7    nor deny the allegations in that it includes contentions and legal matters not proper for admission
8    or denial.

9           127.    Answering the allegations in paragraph 127, the County Defendants neither admit
10   nor deny the allegations in that it includes contentions and legal matters not proper for admission
11   or denial.

12          128.    Answering the allegations in paragraph 128, the County Defendants neither admit
13   nor deny the allegations in that it includes contentions and legal matters not proper for admission
14   or denial.

15          129.    Answering the allegations in paragraph 129, the County Defendants neither admit
16   nor deny the allegations in that it includes contentions and legal matters not proper for admission
17   or denial.

18          130.    Answering the allegations in paragraph 130, the County Defendants neither admit
19   nor deny the allegations in that it includes contentions and legal matters not proper for admission
20   or denial.

21                                **TENTH CAUSE OF ACTION**

22                                      **(Negligence)**

23                                **Against All Defendants**

24          131.    Answering the allegations in paragraph 131, the County Defendants neither admit
25   nor deny the allegations in that it includes contentions and legal matters not proper for admission
26   or denial.

27          132.    Answering the allegations in paragraph 132, the County Defendants neither admit
28   nor deny the allegations in that it includes contentions and legal matters not proper for admission

or denial.

133. Answering the allegations in paragraph 133, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

134. Answering the allegations in paragraph 134, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

135. Answering the allegations in paragraph 135, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

136. Answering the allegations in paragraph 136, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

137. Answering the allegations in paragraph 137, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

138. Answering the allegations in paragraph 138, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

139. Answering the allegations in paragraph 139, the County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

## REQUEST FOR RELIEF

County Defendants neither admit nor deny the allegations in that it includes contentions and legal matters not proper for admission or denial.

## AFFIRMATIVE DEFENSES

1. **AFFIRMATIVE DEFENSE NO. 1**: The SAC and each cause of action therein fails to allege facts sufficient to constitute a cause of action against County Defendants.

*Debert, Charlene v. County of Santa Cruz, et al.*
Case No. 3:22-cv-09011-JD
-16-
County Defendants' Answer to Ptf's TAC

2.     **AFFIRMATIVE DEFENSE NO. 2**:  County Defendants are entitled to qualified immunity, as they always acted herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800.)

3.     **AFFIRMATIVE DEFENSE NO. 3**:  The SAC fails to state a cause of action against the County of Santa Cruz, pursuant to *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658, 690, as there can be no recovery for a federal civil rights violation where there is no constitutional deprivation pursuant to governmental custom or policy.

4.     **AFFIRMATIVE DEFENSE NO. 4**: Plaintiff's claims under the Federal Civil Rights Act are barred because Plaintiff suffered no actual damages and there is no right to recover damages based on the abstract value of constitutional rights.

5.     **AFFIRMATIVE DEFENSE NO. 5**: Plaintiff's claims under the Federal Civil Rights Act are barred because the Complaint fails to allege facts that go beyond mere tortious conduct and rise to the level of a civil rights violation.

6.     **AFFIRMATIVE DEFENSE NO. 6**: County Defendants allege that any damages they may be liable for, if any, would be subject to a reduction of damages pursuant to 31 U.S.C. § 3729(a)(2), and other relevant provisions of the Federal False Claims Act.

7.     **AFFIRMATIVE DEFENSE NO. 7**:  Plaintiff may have failed to join parties indispensable under Rule 19 of the Federal Rules of Civil Procedure.

8.     **AFFIRMATIVE DEFENSE NO. 8:** County Defendants allege that to the extent the Sheriff was acting as a state officer while performing state law enforcement duties, these Answering Defendants are immune from suit pursuant to the Eleventh Amendment.

9.     **AFFIRMATIVE DEFENSE NO. 9**: The imposition of statutory minimum damages, if any, in this matter would violate defendant's Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

10.      **AFFIRMATIVE DEFENSE NO. 10:** County Defendants allege that to the extent the Sheriff was acting as a state officer while performing state law enforcement duties, these Answering Defendants are immune from suit pursuant to the Eleventh Amendment.

11.      **AFFIRMATIVE DEFENSE NO. 11**: County Defendant assert that Plaintiff failed to exhaust all her administrative remedies prior to filing her lawsuit.

12.      **AFFIRMATIVE DEFENSE NO. 12**: If and to the extent that the allegations of the SAC attempt to enlarge upon the facts and contentions set forth in plaintiff's tort claim, said SAC fails to state a cause of action and is barred by Government Code §§ 905.2, 911.2 and 950.2.

13.      **AFFIRMATIVE DEFENSE NO. 13**:  County Defendants are immune from the SAC under any applicable immunity set forth within the California Tort Claims Act, Government Code §§ 810 *et seq*.

14.      **AFFIRMATIVE DEFENSE NO. 14**:   The California Tort Claims Act bars vicarious liability for any act or omission of any other person, by way of respondeat superior or otherwise. (Gov. Code, §§ 815.2, 820.8.)

15.      **AFFIRMATIVE DEFENSE NO. 15**:   There is no liability for any injury or damages, if any there were, caused by a misrepresentation by any public employee, whether such misrepresentation was negligent or intentional or not. (Gov. Code, §§ 818.6, 822.2.)

16.      **AFFIRMATIVE DEFENSE NO. 16**:   A public employee is not liable for an injury resulting from her act or omission where the act or omission was the result of the exercise of discretion vested in him, whether such discretion be abused. (Gov. Code, § 820.2.)

17.      **AFFIRMATIVE DEFENSE NO. 17**:  Any claim for punitive damages associated with plaintiff's state law claims is barred under Government Code section 818.

18.      **AFFIRMATIVE DEFENSE NO. 18**:  Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of any employee of the public entity where the employee is immune from liability. (Gov. Code, § 815.2(b).)

19.      **AFFIRMATIVE DEFENSE NO. 19**:   County Defendants did not act with malicious intent and did not deprive plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States.

20. **AFFIRMATIVE DEFENSE NO. 20**:  All happenings and events, damages, and injuries, if any there were, referred to in the SAC were proximately caused and contributed to by the negligence of plaintiff and others, each, and all of whom failed to exercise ordinary care at the times and places alleged in the SAC.

21. **AFFIRMATIVE DEFENSE NO. 21**: Plaintiff failed subsequent to the occurrence described in the complaint properly to remedy or mitigate their damages and thereby are precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the part of Plaintiff.

22. **AFFIRMATIVE DEFENSE NO. 22**: County Defendants allege that the acts, omissions, and damages alleged by Plaintiff were due to the fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of other persons or entities for which these County Defendants are not liable or responsible and were not the result of any fault, neglect, want of care, or other culpable conduct on the part of defendant.

23. **AFFIRMATIVE DEFENSE NO. 23**: County Defendants allege that plaintiff was herself careless and negligent in and about the matters alleged in the SAC; that said carelessness and negligence on plaintiff's own part proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were; that should plaintiff recover damages, County Defendants are entitled to have the amount there of abated, reduced or eliminated to the extent that plaintiff's negligence caused or contributed to their injuries, if any.

24. **AFFIRMATIVE DEFENSE NO. 24**: County Defendants allege that plaintiff's SAC, and each purported cause of action alleged therein, is barred to the extent plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

25. **AFFIRMATIVE DEFENSE NO. 25:** County Defendants assert that because the Complaint is couched in conclusory terms, these County Defendants cannot fully anticipate all defenses that may be applicable to this matter.  These Answering Defendants are entitled to all other applicable privileges and immunities provided by state and federal law not specifically set forth herein and they specifically reserve the right to add or to amend this answer to conform the pleadings to established evidence. Accordingly, the right to assert additional separate defenses, if

1   and to the extent such defenses are applicable, is hereby reserved.

2        **WHEREFORE**, Defendants, County of Santa Cruz, a municipal corporation, Jeffrey Tyler

3   Eisner, in his capacity as a Sheriff's Deputy, Scott Rottman, in his capacity as a Sheriff's Deputy,

4   Jessica Ross, in her capacity as a Sheriff's Deputy and Peter Hansen, in his capacity as a Sheriff's

5   Sargeant, (collectively, hereinafter "County Defendants") hereby pray as follows:

6        1.     That judgment be entered in favor of County Defendants and against Plaintiff, on the

7   SAC, and each cause of action therein, and that Plaintiff take nothing by way of her operative

8   complaint;

9        2.     That the SAC, and each cause of action therein, be dismissed with prejudice;

10       3.     That the County Defendants be awarded their costs, expenses, and attorney's fees

11  allowed by law and incurred in this action; and

12       4.     That the Court grant such additional relief as it deems just and proper.

13

14  Dated: December 15, 2023             JASON M. HEATH, COUNTY COUNSEL

15                        By: _/s/ Negine Mansour Sewitsky_

16                          NEGINE MANSOUR SEWITSKY

                        Assistant County Counsel

17                          Attorneys for Defendant

                        County of Santa Cruz, Santa Cruz

18                          Sheriff's Deputies Jeffrey Tyler Eisner,

                        Scott Rottman, Jessica Ross and Sergeant

19                          Peter Hansen

20

21

22

23

24

25

26

27

28

*Debert, Charlene v. County of Santa Cruz, et al.*
Case No. 3:22-cv-09011-JD
County Defendants' Answer to Ptf's TAC
-20-